24-2821-cv
*Lifchits v. Key 4U Transportation Corp. Bus*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————

Pavel Lifchits,

> *Plaintiff-Appellant,*

> v.          24-2821

Key 4U Transportation Corp. Bus,

> *Defendant-Appellee,*

Integon National Insurance Company,

> *Defendant.*

———————————————————

1

FOR PLAINTIFF-APPELLANT:

Pavel Lifchits, pro se, Framingham, MA.

FOR DEFENDANT-APPELLEE:

Lorin A. Donnelly, Milber Makris Plousadis & Seiden, LLP, Woodbury, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cho, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Pavel Lifchits, proceeding pro se, appeals the judgment of the district court granting summary judgment to Defendant Key 4U Transportation Corporation Bus ("Key") and denying Lifchits's motion for partial summary judgment as to liability. Lifchits sued Key for property damage and bodily injury claims arising from a vehicle accident on the Van Wyck Expressway in Queens in April 2018. After discovery, Key moved for summary judgment as to the property damage and bodily injury claims, which the district court granted. Lifchits cross-moved for summary judgment as to liability, which the district court denied. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, 167 F.4th 605, 615 (2d Cir. 2026) (quoting *Garcia v. Heath*, 74 F.4th 44, 47-48 (2d Cir. 2023)). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kravitz v. Purcell*, 87 F.4th 111, 118-19 (2d Cir. 2023) (quoting *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011)). "[T]o show a genuine dispute, the nonmoving party must provide hard evidence from which a reasonable inference in [his] favor may be drawn" and cannot rely on "[c]onclusory allegations, conjecture, and speculation." *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020) (internal quotation marks and citation omitted). "We liberally construe

2

pleadings and briefs submitted by pro se litigants" such as Lifchits, "reading such submissions to raise the strongest arguments they suggest." *Kravitz*, 87 F.4th at 119 (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

First, we consider Lifchits's property-damage claim. To establish a prima facie case of negligence under New York law, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)). To establish injury – here, damage to his car – Lifchits relied solely on inadmissible hearsay in the form of his own testimony. He did not submit any admissible evidence sufficient to raise a genuine issue of fact, such as photographs of the alleged damage, a written estimate of repairs, or receipts for any repairs he made to the vehicle. *See Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). Accordingly, the district court correctly determined that Lifchits had failed to establish a genuine dispute of material fact on his property-damage claim because he had failed to provide evidence that his car sustained damage caused by the school bus.[1]

Second, we consider Lifchits's personal-injury claim. Under New York's insurance law, to recover for non-economic loss related to a personal injury allegedly sustained in a motor vehicle accident, "a plaintiff is required to present competent, non-conclusory expert evidence sufficient to support a finding not only that the alleged injury is 'serious' within the meaning of Insurance Law § 5102(d), but also that the injury was proximately caused by the accident at issue." *Carter v. Full Serv., Inc.*, 815 N.Y.S.2d 41, 43 (App. Div. 1st Dep't 2006) (citing *Pommells v. Perez*, 4 N.Y.3d 566, 574-75 (2005)). Here, Lifchits provided neither objective proof that he suffered a serious injury as defined by New York insurance law, nor any expert evidence that the car accident caused his alleged injury. Accordingly, the district court correctly determined that Lifchits's personal-injury claim

---

[1] Because the district court correctly determined that Lifchits did not establish a prima facie case of negligence under New York law, the district court did not err in denying his cross-motion for partial summary judgment. *Cf. McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024) (affirming denial of plaintiffs' cross-motion for summary judgment as moot where defendants were entitled to judgment on the pleadings).

failed.

We have considered Lifchits's remaining arguments and conclude that they are without merit.[2] We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Lifchits suggests that Key's insurer Integon was improperly dismissed from this action by the district court in Massachusetts prior to the case being transferred to the Eastern District of New York. *See* Appellant's Br. 4. "Any orders entered prior to the transfer order may eventually be reviewed by the court of appeals of the circuit to which the case has been transferred." *Chapple v. Levinsky*, 961 F.2d 372, 374 (2d Cir. 1992). Under both New York and Massachusetts law, an injured party cannot bring a case against an insurer for the actions of its insured. *See Lifchits v. Progressive Corp.*, 2018 Mass. App. Div. 207 (Dist. Ct. 2018) (citing *Tessier v. State Farm Mut. Ins. Co.*, 334 F. Supp. 807, 809 (D. Mass. 1971), *aff'd*, 458 F.2d 1299 (1st Cir. 1972)); *Commonwealth Land Title Ins. Co. v. Am. Signature Servs.*, Inc., No. 13-CV-3266, 2014 WL 672926, at *1 (E.D.N.Y. Feb. 20, 2014) ("[T]he New York Court of Appeals made clear that an injured third party has no cause of action at common law against an insurer."). The dismissal of Integon was therefore proper.